RUIZ, PLAINTIFF AND APPELLANT, *v.* GONZÁLEZ, DEFENDANT AND APPELLEE.

APPEAL from the First District Court of San Juan in Injunction Proceedings.

No. 2835.—Decided March 6, 1923.

JURISDICTION—NONSUIT.—A question of jurisdiction may be raised by a motion for nonsuit.

ID.—INJUNCTION—RECOVERY OF POSSESSION.—The district courts always have jurisdiction of the injunction proceedings to recover possession authorized by special Act No. 43 of 1913, as amended by Act No. 11 of 1917; therefore it is not necessary to allege that the value of the property involved in the proceedings exceeds $500.

The facts are stated in the opinion.

*Messrs. V. M.* and *J. A. Fernández* for the appellant.

*Mr. H. R. Francis* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The plaintiff brought this action of ''injunction to recover possession'' and alleged that he was the owner of a property of 57 acres and had been forcibly deprived of the possession of a part of it by the defendant less than a year before.

The defendant demurred and answered and the case was brought to trial. After the plaintiff rested the following incident occurred, as shown by the record:

''Defendant.—I move for the dismissal of the action for the

following reasons: First, because neither from the pleadings nor from the evidence does it appear that this court has jurisdiction of the case, for it is necessary to show clearly that the amount in controversy is $500 or more in order to give this court jurisdiction. This case does not come under the special Injunctions Act, but under the special Act of 1913, amended by the Act of 1917, which provides that the complaint shall be prepared as to form pursuant to the provisions of the Code of Civil Procedure; but this court can not take jurisdiction unless the amount involved exceeds $500, for if it does not, the injunction proceeding must be brought in the municipal court. Second, that in a case of this kind, which is to a certain extent a summary proceeding, it is necessary that the evidence should be clear and convincing. \* \* \*

"Judge.—That would be a question of the weight of the evidence, but not a matter of a motion for nonsuit.

"Plaintiff.—The jurisdiction of the court was shown by the answer of the witness to the defendant's question that the value of his property is $3,000. Furthermore, the 4th count reads as follows: (Reading).

"After the question had been argued the court sustained the motion for nonsuit on the ground of lack of jurisdiction, being of the opinion that it should appear that the value of the property in litigation exceeds $500. Counsel for the plaintiff took an exception."

A judgment having been rendered and entered dismissing the complaint, the plaintiff took the present appeal therefrom.

The appellant maintains, in the first place, that the court erred because a question of jurisdiction could not be raised in a motion for nonsuit. We do not agree. If the evidence examined by the plaintiff actually showed that the court was without jurisdiction, it could and should dismiss the complaint, not only at the instance of the defendant, but on its own initiative.

On the other question raised by him the appellant is right. The value of the land does not determine the jurisdic-

tion in this case. It is determined in accordance with the nature of the action.

Under the Injunctions Act the writ can be issued only by the Supreme Court or any one of its justices to enforce the jurisdiction of the said court, under the regulations prescribed by law, and by the district judges. See Compilation of 1911, section 1355, and the case of *Lowande* v. *García et al.*, 12 P. R. R. 290.

It is true that this is a case of an injunction authorized by special Act No. 43 of 1913, amended by Act No. 11 of 1917, but from the terms of the said special Act it is not deduced in any manner that it was the intention of the Legislature that the jurisdiction should be determined by the value of the property involved in the controversy. When the Legislature desired to confer upon the municipal judges the power to issue writs of injunction it did so expressly, as in the case of actions of intervention. See Compilation of 1911, p. 855.

The general practice in Porto Rico has been to resort to the district courts, which are courts of general jurisdiction, in this class of cases. We have examined several of our decisions on the matter and in most of them the property involved was a small strip of land whose value alone was evidently less than $500. No question of jurisdiction was raised. It should be remarked that the appellee filed no brief and did not appear at the hearing on the appeal.

The judgment appealed from is reversed and the case remanded for further proceedings in accordance with the law.

*Reversed and remanded.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.